**EXHIBIT "1"**

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Dion Humphrey, et al.
Plaintiff(s),
v.
Andrew Barciz, et al.
Defendant(s).

Case No. **CV2020-013278**

**SUMMONS**

To: Andrew Barciz

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,</u>
   <u>Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's</u>
   <u>approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 20, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5073354

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Dion Humphrey, et al.
Plaintiff(s),
v.
Andrew Barciz, et al.
Defendant(s).

Case No. **CV2020-013278**

**SUMMONS**

To: Audrey Santisi

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #5073354

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 20, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Dion Humphrey, et al.
Plaintiff(s),
v.
Andrew Barciz, et al.
Defendant(s).

Case No. **CV2020-013278**

**SUMMONS**

To: Brian Langeliers

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 20, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5073354

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Dion Humphrey, et al.
Plaintiff(s),
v.
Andrew Barciz, et al.
Defendant(s).

Case No. **CV2020-013278**

**SUMMONS**

To: City of Phoenix

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 20, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5073354

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Dion Humphrey, et al.
Plaintiff(s),
v.
Andrew Barciz, et al.
Defendant(s).

Case No. **CV2020-013278**

**SUMMONS**

To: George Fulton

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 20, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Dion Humphrey, et al.
Plaintiff(s),
v.
Andrew Barciz, et al.
Defendant(s).

Case No.  **CV2020-013278**

**SUMMONS**

To: Michelangelo Caggiano

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #5073354

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 20, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5073354

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Dion Humphrey, et al.
Plaintiff(s),
v.
Andrew Barciz, et al.
Defendant(s).

Case No. **CV2020-013278**

**SUMMONS**

To: Unknown Miner

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 20, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

Dion Humphrey, et al.
Plaintiff(s),
v.
Andrew Barciz, et al.
Defendant(s).

Case No. **CV2020-013278**

**SUMMONS**

To: Paul Flaven

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set #5073354

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 20, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Dion Humphrey, et al.
Plaintiff(s),
v.
Andrew Barciz, et al.
Defendant(s).

Case No. **CV2020-013278**

**SUMMONS**

To: Raymond Meschnark IV

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 20, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5073354

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Dion Humphrey, et al.
Plaintiff(s),
v.
Andrew Barciz, et al.
Defendant(s).

Case No. **CV2020-013278**

**SUMMONS**

To: T. Denny

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set #5073354

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 20, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *GABRIELA ROA*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
G. Roa, Deputy
10/20/2020 2:33:18 PM
Filing ID 12127462

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorneys:**
David W Dow - Primary Attorney
Bar Number: 007377, issuing State: AZ
Law Firm: Dow Law Office
3104 E Camelback Rd. #281
Phoenix, AZ 85016
Telephone Number: (602)550-2951
Email address: Ddowlaw1@gmail.com

Jennifer L Ghidotti
Bar Number: 033071, issuing State: AZ
Law Firm: Dow Law Office
Telephone Number: (480)776-5039

Benjamin Taylor
Bar Number: 023868, issuing State: AZ
Law Firm: Taylor and Gomez LLP
Telephone Number: (602)325-8007

**Plaintiffs:**
Dion Humphrey

William Humphrey

**Defendants:**
Andrew Barciz

Audrey Santisi

Brian Langeliers

City of Phoenix
200 West Washington Street
Phoenix, AZ 85003

CV2020-013278

T. Denny

George Fulton

Unknown Miner

Paul Flaven

Raymond Meschnark IV

Michelangelo Caggiano

Discovery Tier t3
Amount claimed $11,500,000.00

Case Category: Tort Non-Motor Vehicle
Case Subcategory: other

David W. Dow (#007377)
Jennifer L. Ghidotti (#033071)
**DOW LAW OFFICE**
3104 E. Camelback #281
Phoenix, Arizona 85016
Phone: 480.776.5039
Fax: 480.945.0553
Ddowlaw1@gmail.com; Jlevine@ddowlaw.com
*Attorneys for Plaintiffs*

Benjamin Taylor
**Taylor & Gomez, LLP**
2600 North 44th Street, Suite B-101
Phoenix AZ, 85008
BT@taylorgomezlaw.com
*Attorney for Plaintiffs*

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

| | |
|---|---|
| DION HUMPHREY and WILLIAM HUMPHREY, | Case No. CV2020-013278 |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| CITY OF PHOENIX, a municipal entity; AUDREY SANTISI, an individual and acting under the color of law; GEORGE FULTON, an individual and acting under the color of law; T. DENNY, an individual and acting under the color of law; ANDREW BARCIZ, an individual and acting under the color of law; MICHELANGELO CAGGIANO, an individual and acting under the color of law; MINER, an individual and acting under the color of law; PAUL FLAVEN, an individual and acting under the color of law; BRIAN LANGELIERS, an individual | |

1

and acting under the color of law;
RAYMOND MESCHNARK IV, an
individual and acting under the color of
law; JOHN AND/OR JANE DOES I-X,
individual(s) acting under the color of law;
ABC CORPORATIONS I-X; and XYZ
LLCs I-X

      Defendants.

  Plaintiffs Dion Humphrey and William Humphrey, hereby file their Complaint against Defendants and allege as follows:

## PARTIES | JURISDICTION | VENUE

  1.  Plaintiff Dion Humphrey ("Dion") is an individual and at all relevant times was a resident of Maricopa County, Arizona.

  2.  Plaintiff William Humphrey ("William") is an individual and at all relevant times was a resident of Maricopa County, Arizona

  3.  Defendant City of Phoenix ("COP") is a municipal entity within the geographic bounds of Maricopa County, Arizona.

  4.  Defendant Raymond Meschnark IV ("Meschnark") is an individual and at all relevant times was a resident of Maricopa County, Arizona.

  5.  Defendant Brian Langeliers ("Langeliers") is an individual and at all relevant times was a resident of Maricopa County, Arizona.

  6.  Defendant Miner ("Miner") is an individual and at all relevant times was a resident of Maricopa County, Arizona.

  7.  Defendant Audrey Santisi ("Santisi") is an individual and at all relevant times was a resident of Maricopa County, Arizona.

8.    Defendant T. Denny ("Denny") is an individual and at all relevant times was a resident of Maricopa County, Arizona.

9.    Defendant George Fulton ("Fulton") is an individual and at all relevant times was a resident of Maricopa County, Arizona.

10.    Defendant Andrew Barciz ("Barciz") is an individual and at all relevant times was a resident of Maricopa County, Arizona.

11.    Defendant Michaelangelo Caggiano ("Caggiano") is an individual and at all relevant times was a resident of Maricopa County, Arizona.

12.    Defendant Paul Flaven ("Flaven") is an individual and at all relevant times was a resident of Maricopa County, Arizona.

13.    At the time of events relevant herein, the individual Defendants were acting within the course and scope of their employment with City of Phoenix, a governmental entity.

14.    Defendants John and/or Jane Does are the unnamed, as-yet unidentified individuals, including but not limited to any and all police officers that were present during the incident and may be responsible in part for the actions/inactions described herein.

15.    Upon information and belief, JOHN AND/OR JANE DOES I-X; ABC Corporations I-X; and XYZ LLC's I-Z are corporations, partnerships, limited liability companies, individuals or other incorporated or unincorporated associations whose true name are presently unknown to Plaintiffs, but who are or may be liable to Plaintiffs for the inactions and actions alleged in Plaintiffs' Complaint. If and when the true names of such fictitious defendants become known, Plaintiffs will seek leave of the Court to amend their Complaint to set forth their true names, capacities and relationships and request that the Amended Complaint relate back to the date this Complaint was filed. Such entities may be responsible for the actions/inactions described herein.

3

16.     Jurisdiction and venue are proper in Maricopa County, Arizona since Defendants reside and/or caused events to occur in Maricopa County, from which the facts give rise to this Complaint occurred.

17.     This court has personal and subject matter jurisdiction over the parties and this Complaint. This is a Tier Three case for purposes of discovery and scheduling as the demand exceeds $300,000. It is not subject to arbitration.

18.     Plaintiffs demand a jury trial on all issues triable by a jury.

## FACTS GENERAL TO ALL COUNTS

### Phoenix Police Department

19.     Upon information and belief, in 2018, Phoenix Police shot at more people than any other department in the United States.

20.     Upon information and belief, despite Phoenix's size and rate of population growth, its police department continues to face a shortage of officers. This shortage has resulted in excessive overtime and over work for many of the City of Phoenix Police officers, including Defendant Fulton who incurred over $70,000 of overtime in a recent year.

21.     This policy of the City of Phoenix's failure to hire sufficient officers' results in certain officers having excessive overtime. Plaintiffs are informed and believe that these officers' judgments are impaired and they are unfit for certain duties.

22.     Upon information and belief, with less officers patrolling and resources spread thin, Phoenix Law Enforcement Association describes the morale within the Phoenix Police Department as low; the officers feel unsupported from the city and that their collective voice is going unheard.

23.     Upon information and belief, the Phoenix Police Department has over 300 fewer officers compared to ten years ago.

4

## PHOENIX POLICE DEPARTMENT'S UNCONSTITUTIONAL ACTIONS/INACTIONS WITH DION HUMPHREY

24.     According to information contained in Phoenix Police Report Incident #2020000000048171 and supplements thereto, Phoenix Police worked in conjunction with Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in an attempt to find a suspect, Khalil Thornton ("Thornton").

25.     On January 10, 2020, in Phoenix, Arizona and based on information contained in the above referenced Phoenix Police Report, an unknown "Detective" claimed to have an "eye" on Dion's home and allegedly reported that the "suspect" was seen leaving Dion's home. The "suspect", however, was not Thornton but instead Plaintiff Dion Humphrey.

26.     Upon information and belief, Defendant Miner allegedly confirmed (albeit falsely) with the unknown Detective over police radio that Dion was the suspect, but did nothing to actually confirm for himself that Dion was in fact the person that they were looking for, such as look at a DMV photo.

27.     At the time of the incident, Dion was 19 years old, weighed approximately 110 pounds and suffered from heart issues, sickle cell anemia and asthma. These health problems are ongoing. Dion is an African American young male and his Sickle Cell Anemia disability makes Dion very fragile and appear prepubescent.

28.     Thornton, on the other hand, was twenty-years old, had dreadlocks, facial hair and tattoos. Dion has none of these. Thornton does not suffer from an ailment like Sickle Cell that stunts his growth.

29.     Rather than confirming Dion was in fact the suspect, Police followed Dion as he walked his little sisters to elementary school to sign them in for school.

5

30.     Upon information and belief, at no point did the unknown Detective, Defendant Miner nor Defendants Meschnark and Langeliers do anything to confirm that police were following the correct person, such as locating a DMV photograph.

31.     Upon information and belief, Defendant Meschnark and Langeliers approached Dion in their unmarked police vehicle.

32.     As Dion walked home, Dion saw an unknown vehicle that he believed could be anyone and heard what he believed was a bomb. In fear for his life, Dion began to run to safety. Dion did not know that any vehicles in his location were police vehicles, nor did he know that police were in his location at all.

33.     Based on information contained in his Report, Defendant Langeliers witnessed a "noise flash diversionary device" deployed approximately 15-yards away from Dion and upon information and belief, this noise flash diversionary device was what Dion believed were gunshots. It is unknown who deployed this noise flash diversionary device.

34.     Upon information and belief, Defendant Langeliers also witnessed Dion being shot with an "Arwen round impact".

35.     Upon information and belief, the Arwen was deployed by Defendant Meschnark. Defendant Meschnark deployed two AR-1 impact rounds, one of which struck Dion in his left chest immediately over his heart.

36.     Upon information and belief, Defendant Langeliers then grabbed 110-pound Dion, slammed Dion to the ground face down and using his body weight, Defendant Langeliers placed his foot on Dion's back with enough force to prevent Dion from getting up.

37.     Upon information and belief, Defendant Langeliers lowered himself onto Dion so that Defendant Langeliers' knee was pressed into Dion's back while Defendant Langeliers held Dion at gun point.

6

38.    Upon information and belief, other unknown and yet identified officers from the Phoenix Police Department Special Assignments Unit ("SAU") approached and grabbed Dion and forced Dion's hands into handcuffs.

39.    Upon information and belief, Defendant Meschnark then contacted Dion and Dion told Defendant Meschnark that he was Dion Humphrey.

40.    Defendant Meschnark observed a red mark on Dion's chest consistent with an AR-1 impact. Based on information contained in the police report, Officer Meschnark then requested the Fire Department respond to the location.

41.    Dion advised Phoenix Police that he has both sickle cell anemia and asthma on several occasions.

42.    Upon information and belief, Defendant Flaven arrived on scene and transported Dion to Phoenix Fire due to having been struck in the left chest with an AR-1 round. According to Defendant Flaven, he advised Fire about the Arwen round and where it struck Dion.

43.    Dion advised the paramedic that he has both sickle cell anemia and asthma on several occasions.

44.    Despite the fact that Dion complained of pain in his left chest, Fire allegedly stated it was a minor wound and additional medical attention was not needed. Defendant Flaven signed a waiver because Dion was not taken to the Hospital.

45.    Upon information and belief, Defendant Fulton allegedly "recognized" Dion as a "suspect in a video of another investigation" and without an arrest warrant or probable cause to arrest, told Defendants Flaven and Denny that Dion was under arrest.

46.    Neither Defendants Flaven nor Denny did anyhing to prevent the unlawful arrest and in fact, Defendant Flaven transported Dion to the Phoenix Police Station.

47.    At the Phoenix Police Station, Dion complained to Officer Flaven that his left chest hurt and that he was bleeding from his left chest.

7

48.     Despite the fact that Dion was shot near his heart with a rubber bullet, that he had a noticeable red mark covering the area immediately over Dion's heart, Dion complained of left chest pain and thought that he was bleeding from his chest, Dion was never taken to the Hospital by Defendants.

49.     Instead, Dion - who police knew was not the "suspect" as Police knew that he was Dion Humphrey and not Khalil Thornton - endured a four-hour interrogation and approximately seven hours in police custody without appropriate medical care (if any at all).

50.     Upon information and belief, Dion was interrogated by at least Det. George Fulton, Det. Santisi, Officer Andrew Barciz and Det Caggiano. Defendant Flaven remained outside of the interview room monitoring Dion until Defendants Barciz and Det. Caggiano finally drove Dion home. All officers and/or detectives knew that Dion was not Khalil yet continued to interrogate or otherwise participate in the interrogation of Dion. None of the officers and/or detectives ever provided proper medical treatment to Dion (if any at all) despite Dion having advised Defendants of his chest pain on multiple occasions during Dion's interrogation.

51.     When Dion was finally released after having endured seven (7) hours of torture like treatment, William, Dion's father, took Dion to Phoenix Children's Hospital where he was treated for his serious medical injuries. He was admitted to Phoenix Children's Hospital with injuries to the chest and was examined due to an onset of hypoxia, concern for pulmonary hypertension and cardiac failure. Dion was diagnosed with a myocardial contusion and secondary ischemic injury.

52.     Dion remained in the Intensive Care Unit for approximately four (4) days and was initially hospitalized for approximately eleven (11) days before being released.

53.     As a direct result of Phoenix Police Department, Dion's father, William Humphrey, took Dion to Phoenix Children's Hospital on January 10, 2020 where he was admitted until he was discharged on January 21, 2020.

54.     As a result of the actions/inactions of Defendants, Dion suffered a severe, permanent, and disabling injury that substantially interferes with his capacity to interact with William in a normally gratifying way.

55.     Dion has seen various doctors over the past nine months and spent additional days in the hospital for treatment.

56.     Dion suffered serious medical injuries related to his chest and heart, including but not limited to cardiac contusion; he has experienced irreparable physical and mental damage. A large portion of Dion's heart is no longer functioning and Dion will require substantial additional future medical care and costs, including possible heart surgery, as a direct result of Defendants actions/inactions.

57.     Dion was arrested with extreme prejudice and Phoenix Police have admitted that Dion was not the person it was looking for.

58.     William has also undergone extreme emotional distress and has experienced a loss of wages, loss of consortium, loss of love, affection, support and comfort from his son.

## CITY OF PHEONIX RECORDS REQUESTS

59.     Plaintiffs made numerous informal requests beginning February 2020 and a formal request for a copy of the Police Report in this matter in April 2020.

60.     Despite repeated requests for copies of the Report, Plaintiffs did not receive a copy of the Police Report until August 14, 2020.

61.     Defendant City of Phoenix made the conscious decision to fail to provide Plaintiffs with a copy of the Police Report until August 14, 2020.

9

62. Defendant City of Phoenix's actions in delaying Plaintiffs' claims and its refusal to provide information in violation of public records law caused Plaintiffs additional severe emotional distress.

## DAMAGES

63. Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

64. As a direct and proximate result of Defendants' acts and omissions, Dion has incurred damages in the form of medical expenses, severe physical injuries, pain and suffering, severe emotional distress, mental anguish, diminished earning capacity, diminished quality of life, which are all caused by the violation of his rights under the United States Constitution, Arizona Constitution and Arizona law.

65. As a direct and proximate result of Defendants acts and omissions, William has suffered damages. He has suffered severe emotional distress, lost wages, loss of society, companionship, care, support, and affection and loss of consortium due to Dion's severe, permanent, and disabling injury that substantially interferes with Dion's capacity to interact with William in a normally gratifying way due to the hospitalization and related injuries as well as the emotional trauma his son has gone through.

66. The actions/inactions of the Defendants as set forth above show an evil mind and malice given that officers continued to hold him for seven hours and interrogate him for four hours and justify the imposition of punitive damages.

## COUNT ONE
**Federal Civil Rights Claims Under 42 U.S.C. § 1983 (Violation of Fourteenth Amendment Substantive Due Process)**
*– By Plaintiffs against all individual Defendants and other unknown and not yet identified Defendants.*

67. Plaintiffs hereby incorporate by reference all paragraphs as though fully set forth herein.

10

1    68.    Dion had a liberty interest in his life, his liberty and medical treatment after

2    he was shot with rubber bullets, tackled to the ground and otherwise assaulted by

3    Defendants as more fully described herein.

4    69.    The circumstances of Defendants' encounter with Dion shock the

5    conscience.

6    70.    Defendants' encounter with Dion provided ample opportunity for

7    Defendants to assess whether Dion was in fact the person of interest and to determine that

8    Dion was not, in fact, Khalil Thornton.

9    71.    Defendants did not speak with Dion or otherwise communicate with Dion

10   prior to initiating force. Dion was not resisting a lawful arrest or otherwise not

11   complying with lawful police authority.

12   72.    Defendants were deliberately indifferent to Dion's life, safety, health and

13   integrity when, upon information and belief, an unknown Detective wrongfully claimed

14   Dion was the person of interest; an unknown officer deployed a "noise flash diversionary

15   device" approximately 15-yards away from Dion; Defendant Meschnark deployed two

16   AR-1 impact rounds, one of which struck Dion in his left chest immediately over his

17   heart; Defendant Langeliers grabbed 110-pound Dion, slammed Dion to the ground face

18   down and using his body weight placed his foot on Dion's back with enough force to

19   prevent Dion from getting up and then lowered himself onto Dion so that Defendant

20   Langeliers' knee was pressed into Dion's back while Defendant Langeliers held Dion at

21   gun point; and, failed to provide proper medical aid.

22   73.    Defendants surveilled Dion as he walked from his home to his sisters'

23   school and thus, Defendants were afforded time to deliberate over whether Dion was the

24   person of interest. There was ample time for police to look at a photo of Khalil Thornton

25   or otherwise confirm whether the pedestrian was in fact the suspect.

26

74. After learning Dion was not Khalil Thornton, Defendants were afforded time to deliberate over whether there was probable cause to arrest and detain Dion and as Dion was not the person of interest and upon information and belief Defendants did not have a warrant for Dion's arrest, the detainment, arrest and confinement were unlawful.

75. Defendants Denny, Fulton, Santisi, Barciz, Caggiano and Flaven were deliberately indifferent to Dion's life, safety, health and integrity when they participated in or did nothing to prevent the subsequent unlawful detainment and interrogation of Dion, despite the fact that they knew or should have known Dion was not the person of interest. Despite the fact that Dion was not the person of interest and without probable cause, Defendants unlawfully detained Dion for approximately seven (7) hours without providing medical aid.

76. All Defendants acted with a purpose to harm unrelated to their legitimate law enforcement objective, which was to arrest and interrogate Khalil Thornton.

77. Defendants Miner, Meschnark, Langeliers and unknown, yet to be identified Defendants acted with a purpose to harm unrelated to their legitimate law enforcement objective, which was to arrest Khalil Thornton when an unknown officer deployed a "noise flash diversionary device" approximately 15-yards away from Dion; Defendant Meschnark deployed two AR-1 impact, one of which struck Dion in his left chest immediately over his heart; Defendant Langeliers grabbed 110-pound Dion, slammed Dion to the ground face down and using his body weight placed his foot on Dion's back with enough force to prevent Dion from getting up and then lowered himself onto Dion so that Defendant Langeliers' knee was pressed into Dion's back while Defendant Langeliers held Dion at gun point; and, failed to provide proper medical aid.

78. Defendants Denny, Fulton, Santisi, Barciz, Caggiano, Flaven and unknown, yet to be identified Defendants acted with a purpose to harm unrelated to their legitimate law enforcement objective when without probable cause arrested and/or did nothing to

12

1  prevent the detainment and arrest of Dion, having known that Dion was not Khalil

2  Thornton and not having an arrest warrant for Dion.

3      79. Despite the fact that Dion Humphrey is not Khalil Thornton, Dion was

4  assaulted by Defendants and then detained for seven (7) hours without receiving adequate

5  medical aid.

6      80. Dion's substantive due process rights were violated and he sustained

7  damages as fully set forth herein.

8      81. As a direct and proximate result of Defendants actions and/or inactions,

9  Dion suffered severe personal injuries as more thoroughly described herein.

10      82. As a direct and proximate result of Defendants actions and/or inactions,

11  William suffered damages more thoroughly described herein

12  

**COUNT TWO**

13  

**Federal Civil Rights Claims Under 42 U.S.C. § 1983 (Excessive Force)**

14  

***–Plaintiffs against Defendant Miner, Meschnark, Langeliers and other unknown and not yet identified Defendants.***

15      83. Plaintiffs hereby incorporate by reference the preceding paragraphs as

16  though fully set forth herein.

17      84. The acts and conduct of Defendants Miner, Meschnark, Langeliers and

18  other unknown and not yet identified Defendants explained herein constituted an illegal

19  and unconstitutional use of force under the Fourth and Fourteenth Amendments.

20      85. Defendants were looking to arrest Khalil Thornton, and Dion is not Khalil

21  Thornton, thus, Dion was not the person of interest and any force was unreasonable.

22      86. Despite the fact Dion was not the person of interest, Defendants surveilled,

23  assaulted and otherwise exerted unnecessary force and/or did nothing to prevent the

24  unnecessary force upon Dion as more thoroughly explained herein.

25

26

13

87. As a direct and proximate result of the excessive and unreasonable force used upon Dion, Plaintiffs sustained the damages more fully described herein.

## COUNT THREE
### Federal Civil Rights Claims Under 42 U.S.C. § 1983 (Unlawful seizure)
*–Plaintiffs against all individual Defendants and other unknown and not yet identified Defendants.*

88. Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

89. The Fourth and Fourteenth Amendments protect the right of the people to be secure in their persons against unreasonable seizures.

90. Defendants restrained Dion's freedom of movement such that he was not free to leave.

91. The acts committed by all Defendants, and all other unknown Defendants, constituted an unreasonable seizure as there was no probable cause to believe Dion committed a crime.

92. Defendants were looking to arrest Khalil Thornton, and Dion is not Khalil Thornton, thus, Dion was not in fact the person of interest.

93. Despite the fact Dion was not the person of interest, Defendants assaulted and/or did nothing to prevent Dion's assault and otherwise exerted extreme, excessive, and unnecessary force upon Dion as more thoroughly explained herein.

94. Despite the fact Dion was not the person of interest and without probable cause, Defendants arrested and/or did nothing to prevent the unlawful arrest of Dion and took him into custody for approximately seven (7) hours where Dion was interrogated for approximately four (4) hours as more thoroughly explained herein.

95. Defendants either knew or should have known that Dion was not Khalil Thornton, especially after Dion identified himself as Dion Humphrey.

14

96.     As a direct and proximate result of the unlawful seizure, Plaintiffs sustained the damages more fully described herein.

## COUNT FOUR
### Federal Civil Rights Claims Under 42 U.S.C. § 1983
### (False Imprisonment)
*–Plaintiffs against all individual Defendants and other unknown and not yet identified Defendants.*

97.     Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

98.     The Fourth Amendment protects an individual's right against the unlawful detention without legal process.

99.     Defendants confined Dion's freedom of movement and prevented Dion from leaving when he was placed in handcuffs, placed in a police vehicle and subsequently confined in a interrogation room for seven (7) hours.

100.    Defendants were looking to arrest Khalil Thornton, and Dion is not Khalil Thornton, thus, Dion was not in fact the person of interest.

101.    Despite the fact Dion was not the person of interest, Defendants assaulted and/or did nothing to prevent Dion's assault, Defendants arrested and/or did nothing to prevent the unlawful arrest of Dion and Defendants took Dion into custody for approximately seven (7) hours where Dion was interrogated for approximately four (4) hours as more thoroughly explained herein.

102.    Defendants either knew or should have known that Dion was not Khalil Thornton, especially after Dion identified himself as Dion Humphrey.

103.    As a direct and proximate result of Dion's false imprisonment, Plaintiffs sustained the damages more fully described herein.

## COUNT FIVE

15

***Monell* Federal Civil Rights Claims Under 42 U.S.C. § 1983 (Unconstitutional Policy and Custom; Failure to Supervise & Discipline; Failure to Train; Negligent Hiring)**
**- *Plaintiffs against City of Phoenix.***

104.    Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

105.    Prior to the January 10, 2020 incident with Dion, Phoenix Police Department ("PPD") routinely interacted with citizens of Phoenix.

106.    Prior to the January 10, 2020 incident with Dion, PPD knew that if it did not have adequate policies and procedures applicable to all PPD officers handling encounters with citizens that such would result in the deprivation of United States citizens' constitutional rights. Specifically, these policies and procedures include, but not limited to: (1) ensuring police officer fitness for duty; (2) ensuring adequate police officer training and supervision with regard to probable cause determinations to arrest and detain, identification of suspects (especially recognition and identification of African American suspects), the appropriate use of force and ensuring that officers do not apply unlawful physical force, providing adequate medical treatment after the use of force by its police officers, and to ensure that its officers prevent other officers from committing constitutional deprivations; and (3) procedures when working in conjunction with other agencies.

107.    PPD has either failed to implement policies and procedures, has failed to train or has failed to supervise its employees regarding policies and procedures including, but not limited to: ensuring police officer fitness for duty; ensuring adequate police officer training and supervision with regard to probable cause determinations to arrest and detain, identification of suspects - especially recognition and identification of African American suspects, the appropriate use of force and ensuring that officers do not apply inappropriate physical force, providing adequate medical treatment after the use of force

16

1  by its police officers; procedures to ensure that officers stop other officers from

2  committing constitutional deprivations, and procedures when working in conjunction

3  with other agencies.

4     108.  Notwithstanding this knowledge, PPD final policymakers, including its

5  Chief of Police, and therefore also Defendant City of Phoenix, made deliberate and

6  conscious decisions to create inadequate policies and procedures, if any at all.

7     109.  Notwithstanding this knowledge, PPD final policymakers, including its

8  Chief of Police, and therefore also Defendant City of Phoenix, deliberately and

9  consciously adopted unconstitutional policies and/or encouraged, tolerated, or ratified

10  unconstitutional widespread PPD practices and customs.

11     110.  The policies or customs/practices of Defendant City of Phoenix directly and

12  proximately caused the violation of Dion's constitutional rights and other damages as

13  more fully set forth herein.

14     111.  Defendant City of Phoenix directly and proximately caused the violation of

15  Dion's constitutional rights and other damages as more fully set forth herein, with its

16  encouragement, toleration, ratification, and deliberate indifference to the policies, or

17  patterns, practices, and customs, as well as its deliberate indifference to the need for more

18  or different employment screening, training, supervision, investigation, or discipline

19  based on the circumstances contained herein.

20     112.  As a direct and proximate result of Defendants actions and/or inactions,

21  Dion and William suffered damages more thoroughly described herein.

22                              **COUNT SIX**

23  **Federal Civil Rights Claims Under 42 U.S.C. § 1983 (Deliberate Indifference to**
    **Serious Medical Needs: Unconstitutional Policy and Custom; Failure to Supervise &**
24  **Discipline; Failure to Train; Negligent Hiring and/or Retention)**
    *– By Plaintiffs against all individual Defendants and other unknown and not yet*
25                       *identified Defendants.*

26                                  17

113.   Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

114.   Defendants worked in conjunction with ATF in an attempt to locate Khalil Thornon. Upon information and belief, all Defendants were in communication with one another regarding what was ultimately the unconstitutional and unlawful apprehension of Dion.

115.   Upon information and belief, an unknown officer deployed a "noise flash diversionary device" approximately 15-yards away from Dion; Defendant Meschnark deployed two AR-1 impact, one of which struck Dion in his left chest immediately over his heart; Defendant Langeliers grabbed 110-pound Dion, slammed Dion to the ground face down and using his body weight placed his foot on Dion's back with enough force to prevent Dion from getting up and then lowered himself onto Dion so that Defendant Langeliers' knee was pressed into Dion's back while Defendant Langeliers held Dion at gun point; yet Defendants Miner, Meschnark nor Langeliers provided proper, or any, medical aid.

116.   Despite the fact that Dion incurred substantial physical trauma due to having been struck in the left chest with a AR-1 round, Defendant Flaven merely transported Dion to Phoenix Fire.

117.   Despite the fact that Dion complained of pain in his left chest, Defendant Flaven ultimately signed a waiver because Dion was not taken to the Hospital (presumably assuming liability for Defendants failure to immediately treat Dion), did not ask Dion whether he wanted to be taken to the Hospital and unlawfully and without probable cause took Dion to the Phoenix Police Station.

118.   Neither Defendants Flaven nor Denny did anything to prevent the unlawful arrest of Dion or to provide him adequate medical aid.

18

119.    Dion was taken to the Phoenix Police Station where he complained to Defendant Flaven that his left chest hurt and that he was bleeding from his left chest.

120.    Despite the fact that Dion was shot near his heart with a rubber bullet, that he had a noticeable red mark covering the area immediately over Dion's heart and Dion complained of left chest pain during his interrogation and thought that he was bleeding from his chest, Dion was never taken to the hospital by Defendants.

121.    Instead, Dion - who police knew was not the "suspect" - endured a four-hour interrogation and approximately seven hours in police custody without appropriate medical care (if any at all).

122.    Upon information and belief, Dion was interrogated by at least Defendants Fulton, Santisi, Barciz and Caggiano while Defendant Flaven remained outside of the interview room monitoring Dion until Defendants Barciz and Caggiano finally drove Dion home. Defendants knew that Dion was not Khalil, yet continued to interrogate or otherwise participate in the interrogation of Dion without providing adequate medical aid.

123.    The actions of all Defendants and John/Jane Does were callous and deliberately indifferent to the medical needs of Dion.

124.    Any reasonable officer in Defendants' position would have known that a chest wound over an individual's heart and subsequent complaints of chest pain warrants adequate and prompt medical attention, especially considering Dion verbalized his chest pain on multiple occasions, even after allegedly having been seen by Fire.

125.    When Dion was finally released, Dion's father took Dion to Phoenix Children's Hospital where he was treated for his serious medical injuries. He was admitted to Phoenix Children's Hospital with injuries to the chest and was examined due to an onset of hypoxia, concern for pulmonary hypertension and cardiac failure. Dion was diagnosed with a myocardial contusion and secondary ischemic injury.

126. Dion remained in the Intensive Care Unit for approximately four (4) days and was initially hospitalized for approximately eleven (11) days before being released.

127. As a direct result of Phoenix Police Department, Dion's father, William Humphrey, took Dion to Phoenix Children's Hospital on January 10, 2020 where he was admitted until he was discharged on January 21, 2020.

128. Dion has seen various doctors over the past nine months and spent additional days in the hospital for treatment.

129. Dion suffered serious medical injuries related to his chest and heart, including but not limited to a cardiac contusion; he has experienced irreparable physical and mental damage. As such, Dion suffered a severe, permanent, and disabling injuries that substantially interferes with his capacity to interact with William in a normally gratifying way.

## COUNT SEVEN
*Monell* **Federal Civil Rights Claims Under 42 U.S.C. § 1983 (Deliberate Indifference to Serious Medical Needs: Unconstitutional Policy and Custom; Failure to Supervise & Discipline; Failure to Train; Negligent Hiring)**
*– By Plaintiffs against Defendant City of Phoenix.*

130. Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

131. Dion sustained a "arwen round impact", was tackled to the ground and otherwise endured excessive force by Defendants.

132. On multiple occasions Dion complained of chest pain and that it felt like his chest was bleeding.

133. Despite Dion's need for adequate medical treatment, Defendant Flaven allegedly brought Dion to Fire rather than taking Dion to the Hospital, or asking Dion if he wanted to be taken to the Hospital so that he could be provided with adequate medical treatment.

20

134.    Upon information and belief, Defendant Denny was at Fire with Dion, yet did not provide Dion with adequate medical aid nor did he request that Fire conduct more than a cursory medical inspection.

135.    Defendant City of Phoenix's policies and procedures, as well as PPD's supervision, hiring and training, either failed to address a known situation or failed to properly address the medical needs of a person who endured police officer force.

136.    Defendant PPD's failure to provide Dion with the necessary medical care caused, at minimum, Dion extreme pain and suffering.

137.    PPD has either failed to implement policies and procedures, failed to train or failed to supervise its employees regarding providing proper and timely medical treatment to those upon which force has been used, to implement mandatory training in regards to medical treatment.

138.    Notwithstanding this knowledge, City of Phoenix's final policymakers, including its Chief of Police, and therefore also Defendant City of Phoenix, made deliberate and conscious decisions to create inadequate policies and procedures, if any at all.

139.    Notwithstanding this knowledge, City of Phoenix's final policymakers, including its Chief of Police, and therefore also Defendant PPD, deliberately and consciously adopted unconstitutional policies and/or encouraged, tolerated, or ratified unconstitutional widespread PPD practices and customs. The policies or customs/practices of Defendant City of Phoenix directly and proximately caused the violation of Dion's constitutional rights and other damages as more fully set forth herein.

140.    Defendant City of Phoenix directly and proximately caused the violation of Dion's constitutional rights, his injuries and other damages as more fully set forth herein, with its encouragement, toleration, ratification, and deliberate indifference to the policies, or patterns, practices, and customs, as well as its deliberate indifference to the need for

21

more or different employment screening, training, supervision, investigation, or discipline in the area of providing proper medical treatment.

141.    As a direct and proximate result of Defendants actions and/or inactions, William and Dion have suffered damages more thoroughly described herein

## COUNT EIGHT
### Arizona Law Claims for Assault and Battery
***Plaintiffs against Defendants Miner, Meschnark, Langeliers and other unknown and not yet identified Defendants and City of Phoenix.***

142.    Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

143.    Defendants wrongfully and unconstitutionally injured Dion when, at minimum, an unknown officer deployed a "noise flash diversionary device" approximately 15-yards away from Dion; Defendant Meschnark deployed two AR-1 impact, one of which struck Dion in his left chest immediately over his heart; Defendant Langeliers grabbed 110-pound Dion, slammed Dion to the ground face down and using his body weight placed his foot on Dion's back with enough force to prevent Dion from getting up and then lowered himself onto Dion so that Defendant Langeliers' knee was pressed into Dion's back while Defendant Langeliers held Dion at gun point.

144.    Defendant Miner was complicit when he did nothing to prevent the assault.

145.    Unknown officers also wrongfully and unconstitutionally injured Dion when they applied and/or did nothing to prevent force to Dion and forced Dion to remain on the ground.

146.    As a direct and proximate result of Defendants actions and/or inactions, Dion and William have suffered damages more thoroughly described herein

22

147. At all relevant times, Defendants were acting within the course and scope of employment with the Defendant City of Phoenix and the City of Phoenix is therefore vicariously liable for the acts and omissions of Defendants.

**COUNT NINE**
**Arizona Law Claims for Negligence (ordinary & gross)**
**- *By Plaintiffs against all Defendants.***

148. Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

149. It was the duty of Defendants to exercise reasonable care in their interactions with Dion.

150. Defendants breached that duty, and were ordinarily and grossly negligent when Defendants erroneously identified Dion as Khalil Thornton; an unknown officer deployed a "noise flash diversionary device" approximately 15-yards away from Dion; Defendant Meschnark deployed two AR-1 impact, one of which struck Dion in his left chest immediately over his heart; Defendant Langeliers grabbed 110-pound Dion, slammed Dion to the ground face down and using his body weight placed his foot on Dion's back with enough force to prevent Dion from getting up and then lowered himself onto Dion so that Defendant Langeliers' knee was pressed into Dion's back while Defendant Langeliers held Dion at gun point.

151. Defendants Denny, Fulton, Santisi, Barciz, Caggiano and Flaven also breached that duty and were ordinarily and grossly negligent when they detained and/or interrogated or were otherwise involved in the detainment and interrogation of Dion without probable cause.

152. All Defendants breached their duty and were ordinarily and grossly negligent when they failed to provide adequate medical aid to Dion, despite Dion's

23

repeated statements that his chest hurt and Defendants' knowledge that Dion was struck in his left chest immediately above his heart from both officer accounts and a visual injury on Dion's left chest.

153. As a direct and proximate result of Defendants actions/inactions, Dion sustained severe injuries that could affect him for the rest of his life.

154. At all relevant times, Defendants were acting within the course and scope of employment with the Defendant City of Phoenix and the City of Phoenix is therefore vicariously liable for the acts and omissions of Defendants

155. Defendant City of Phoenix and PPD owed Dion a duty of reasonable care.

156. Defendant City of Phoenix and PPD breached that duty, and were ordinarily and grossly negligent, when they failed, as more fully outlined above, to implement adequate policies and procedures concerning recognition of black men, the appropriate use of force, deadly or otherwise, proper procedures for detention and interactions with persons of interest and medical treatment.

157. As a direct and proximate result of Defendants' conduct, Dion sustained injuries including great physical injuries, pain and mental anguish, as well as the loss of earning power and earning potential and deprivation of the normal activities and pursuits and pleasures of life.

158. As a direct and proximate result of Defendants' actions and/or inactions, William suffered damages as more thoroughly described herein.

**COUNT TEN**
**Intentional Infliction of Emotional Distress**
*Plaintiffs against all Defendants.*

159. Plaintiffs hereby incorporate by reference the preceding paragraphs as though fully set forth herein.

24

160.   At all relevant times, Defendants were acting within the course and scope of employment with the Defendant City of Phoenix and the City of Phoenix is therefore vicariously liable for the acts and omissions of Defendants.

161.   Defendants made the conscious decision to: fail to confirm Dion was in fact the suspect; deploy a "noise flash diversionary device" approximately 15-yards away from Dion; Defendant Meschnark deployed two AR-1 impact, one of which struck Dion in his left chest immediately over his heart; Defendant Langeliers grabbed 110-pound Dion, slammed Dion to the ground face down and using his body weight placed his foot on Dion's back with enough force to prevent Dion from getting up and then lowered himself onto Dion so that Defendant Langeliers' knee was pressed into Dion's back while Defendant Langeliers held Dion at gun point.

162.   Defendants Denny, Fulton, Santisi, Barciz, Caggiano and Flaven made the conscious decision or were complicit in the unlawful arrest, detainment and/or interrogation of Dion without probable cause.

163.   All Defendants made the conscious decision to ignore Dion's statements that his left chest hurt and failed to provide adequate medical aid.

164.   Defendants, through their conduct, either intended to inflict emotional distress or knew that severe emotional distress would result to Dion when they committed the actions/inactions described herein.

165.   Defendants' conduct was extreme and outrageous as Defendants had absolutely no reason to use violence against Dion since Dion was not the person of interest, and Dion had not acted violently towards Defendants in any way.

166.   Defendants' conduct was extreme and outrageous in that even after learning that Dion was not the suspect, rather than providing Dion with an apology for the extreme force and providing Dion with medical aid, Defendants arrested Dion without any probable cause to arrest, placed Dion in handcuffs, and brought him to the police station

25

where he remained in police custody for seven (7) hours, with no medical attention, in blatant violation to Dion's constitutional rights.

167. Defendants' conduct was extreme and outrageous when Defendants failed to render adequate medical aid to Dion. Dion expressed on multiple occasions that he had left chest pain, which is immediately above Dion's heart, both before and after the alleged check up with Fire.

168. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have been severely damaged as more fully set forth herein.

169. Plaintiffs made a formal request for a copy of the Police Report in this matter in April 2020.

170. Despite repeated requests for copies of the Report, Plaintiffs did not receive a copy of the Police Report until August 14, 2020.

171. Defendant City of Phoenix made the conscious decision to fail to provide Plaintiffs with a copy of the Police Report until August 14, 2020.

172. Defendants' conduct was extreme and outrageous when, after repeated requests for a copy of the police report in this matter, failed to provide Plaintiffs with a copy of the police report until they ultimately provided a partial response to Plaintiffs request by failing to provide copies of the body worn cameras.

173. Defendant City of Phoenix's actions in delaying Plaintiffs' claims and its refusal to provide information in violation of public records law caused Plaintiffs additional severe emotional distress.

## COUNT ELEVEN
**False Imprisonment under Arizona law (A.R.S. §§ 13-1303(A) and 13-1301(2)) and common law**
- ***Plaintiffs against all Defendants.***

174.     Plaintiffs hereby incorporate by reference all paragraphs as though fully set forth herein.

175.     Arizona recognizes false imprisonment both under Arizona statutory law and common law.

176.     Defendants knowingly restricted Dion's movements without consent or lawful authority and in a manner that interfered substantially with Dion's liberty when, as more thoroughly described herein, Defendants shot Dion with rubber bullets and tackled him to the ground, placed Dion in handcuffs, placed Dion in a police vehicle and subsequently confined Dion in an interrogation room for seven (7) hours.

177.     Defendants were looking to arrest Khalil Thornton, and Dion is not Khalil Thornton, thus, Dion was not in fact the person of interest and thus, the force, detention and arrest were unlawful.

178.     Despite the fact Dion was not the person of interest and the force and arrest were unlawful, Defendants assaulted and/or did nothing to prevent Dion's assault, Defendants arrested and/or did nothing to prevent the unlawful arrest of Dion and Defendants took Dion into custody for approximately seven (7) hours where Dion was interrogated for approximately four (4) hours as more thoroughly explained herein.

179.     Defendants either knew or should have known that Dion was not Khalil Thornton, especially after Dion identified himself as Dion Humphrey.

180.     As a direct and proximate result of the excessive and unreasonable force used upon Dion, Plaintiffs sustained the damages more fully described herein.


**PRAYER FOR RELIEF:**

WHEREFORE, for the foregoing reasons, Plaintiffs Dion and William Humphrey request the following against all Defendants:

27

A.  Judgment in favor of Plaintiffs in an amount to be proven at trial, including compensatory damages; pain and suffering damages; loss of income; medical and physical expenses; emotional damages; loss of enjoyment of life; loss of wages; loss of consortium and diminution in earning capacity.

B.  Pre and post judgment interest at the highest permissible rate;

C.  Punitive damages against all Individual Defendants under Federal law and to the extent allowed under State law;

C.  Reasonable attorneys' fees and costs to the extent allowed under state and federal law;

D.  Trial by jury as to all issues so triable; and,

E.  For such relief to which Plaintiffs may appear entitled and is just and proper.

DATED this 20th day of October, 2020.

**DOW LAW OFFICE**

By: _____
David W. Dow
Jennifer L. Ghidotti
**DOW LAW OFFICE**
3104 E. Camelback #281
Phoenix, Arizona 85016
*Attorneys for Plaintiffs*

28

David W. Dow (#007377)
Jennifer L. Ghidotti (#033071)
**DOW LAW OFFICE**
3104 E. Camelback #281
Phoenix, Arizona 85016
Phone: 480.776.5039
Fax: 480.945.0553
Ddowlaw1@gmail.com; Jlevine@ddowlaw.com
*Attorneys for Plaintiffs*

Benjamin Taylor
**Taylor & Gomez, LLP**
2600 North 44th Street, Suite B-101
Phoenix AZ, 85008
BT@taylorgomezlaw.com
*Attorney for Plaintiffs*

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

| | |
|---|---|
| DION HUMPHREY and WILIAM HUMPHREY, | Case No. **CV2020-013278** |
| Plaintiffs, | **PLAINTIFFS' DEMAND FOR JURY TRIAL** |
| v. | |
| CITY OF PHOENIX, a municipal entity; AUDREY SANTISI, an individual and acting under the color of law; GEORGE FULTON, an individual and acting under the color of law; T. DENNY, an individual and acting under the color of law; ANDREW BARCIZ, an individual and acting under the color of law; MICHELANGELO CAGGIANO, an individual and acting under the color of law; MINER, an individual and acting under the color of law; PAUL FLAVEN, an individual and acting under the color of law; BRIAN LANGELIERS, an individual and acting under the color of law; RAYMOND MESCHNARK IV, an | |

1

individual and acting under the color of
law; JOHN AND/OR JANE DOES I-X,
individual(s) acting under the color of law;
ABC CORPORATIONS I-X; and XYZ
LLCs I-X

                    Defendants.

_____

       Plaintiffs, by and through undersigned counsel, demands a trial by jury in this case.

       RESPECTFULLY SUBMITTED this 20th day of October, 2020.

               **DOW LAW OFFICE**

               By:_____
               David W. Dow
               3104 E. Camelback Road, Suite 281
               Phoenix, AZ 85016
               *Attorney for Plaintiffs*

Person/Attorney Filing: David W Dow
Mailing Address: 3104 E Camelback Rd. #281
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)550-2951
E-Mail Address: Ddowlaw1@gmail.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 007377, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

Dion Humphrey, et al.
Plaintiff(s),

v.

Andrew Barciz, et al.
Defendant(s).

Case No. **CV2020-013278**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: David W Dow /s/
Plaintiff/Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

DION HUMPHREY AND WILLIAM HUMPHREY
    VS.
CITY OF PHOENIX, et al

AFFIDAVIT OF SERVICE
CV2020-013278

The undersigned being authorized to serve certifies under penalty of perjury: on the 22nd day of October 2020, I received:

SUMMONS
COMPLAINT
DEMAND FOR JURY TRIAL
CERTIFICATE OF COMPULSARY ARBITRATION

from the Dow Law Office, for Dion and William Humphrey, and in each instance, I personally served a copy of each document listed above upon Michelangelo Caggiano, a Caucasian male, about 40 years old, 5'9", about 220 pounds with brown hair, at the place and time listed below,

ADDRESS: 620 W. Washington St.
CITY/STATE/ZIP: Phoenix, AZ 85003
DATE: October 27, 2020  TIME: 10:56 AM

I certify under penalty of perjury the foregoing is true and correct.  Executed on November 9, 2020.

Gary J. Viscum
MC 8532

CLERK OF THE
SUPERIOR COURT
RECEIVED CCB #1
DOCUMENT DEPOSITORY

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA 2020 NOV -9 AM 11: 20

IN RE THE MATTER OF:

DION HUMPHREY AND WILLIAM HUMPHREY
    VS.
CITY OF PHOENIX, et al

AFFIDAVIT OF SERVICE
CV2020-013278

The undersigned being authorized to serve certifies under penalty of perjury: on
the 22nd day of October 2020, I received:

SUMMONS
COMPLAINT
DEMAND FOR JURY TRIAL
CERTIFICATE OF COMPULSARY ARBITRATION

from the Dow Law Office, for Dion and William Humphrey, and in each instance, I
personally served a copy of each document listed above upon Det. Audrey Santisi,
a Caucasian female, about 40 years old, 5'4", about 140 pounds with red hair, at
the place and time listed below,

ADDRESS: 620 W. Washington St.
CITY/STATE/ZIP: Phoenix, AZ 85003
DATE: October 27, 2020  TIME: 10:56 AM

I certify under penalty of perjury the foregoing is true and correct.  Executed on
November 9, 2020.

Gary J. Viscum
MC 8532

CLERK OF THE
SUPERIOR COURT
RECEIVED CCB #1
DOCUMENT DEPOSITORY

2020 NOV -9 AM II: 19

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

DION HUMPHREY AND WILLIAM HUMPHREY
VS.
CITY OF PHOENIX, et al

AFFIDAVIT OF SERVICE
CV2020-013278

The undersigned being authorized to serve certifies under penalty of perjury: on the 22nd day of October 2020, I received:

SUMMONS
COMPLAINT
DEMAND FOR JURY TRIAL
CERTIFICATE OF COMPULSARY ARBITRATION

from the Dow Law Office, for Dion and William Humphrey, and in each instance, I personally served a copy of each document listed above upon George Fulton, a Caucasian male, about 40 years old, 5'7", about 170 pounds with brown hair, at the place and time listed below,

ADDRESS: 620 W. Washington St.
CITY/STATE/ZIP: Phoenix, AZ 85003
DATE: October 27, 2020  TIME: 10:56 AM

I certify under penalty of perjury the foregoing is true and correct. Executed on November 9, 2020.

Gary J. Viscum
MC 8532



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

DION HUMPHREY AND WILLIAM HUMPHREY
   VS.
CITY OF PHOENIX, et al

AFFIDAVIT OF SERVICE
CV2020-013278

The undersigned being authorized to serve certifies under penalty of perjury: on the 22nd day of October 2020, I received:

SUMMONS
COMPLAINT
DEMAND FOR JURY TRIAL
CERTIFICATE OF COMPULSARY ARBITRATION

from the Dow Law Office, for Dion and William Humphrey, and in each instance, I personally served a copy of each document listed above upon Andrew Barciz, a Caucasian male,  about 40 years old, 5'8", about 200 pounds with brown hair, at the place and time listed below,

ADDRESS: 620 W. Washington St.
CITY/STATE/ZIP: Phoenix, AZ 85003
DATE: October 27, 2020  TIME: 10:56 AM

I certify under penalty of perjury the foregoing is true and correct. Executed on November 9, 2020.

Gary J. Viscum
MC 8532

CLERK OF THE
SUPERIOR COURT
RECEIVED CCB #1
DOCUMENT DEPOSITORY
2020 NOV -9 AM 11: 19

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

DION HUMPHREY AND WILLIAM HUMPHREY
  VS.
CITY OF PHOENIX, et al

### AFFIDAVIT OF SERVICE
### CV2020-013278

The undersigned being authorized to serve certifies under penalty of perjury: on the 22nd day of October 2020, I received:

SUMMONS
COMPLAINT
DEMAND FOR JURY TRIAL
CERTIFICATE OF COMPULSARY ARBITRATION

from the Dow Law Office, for Dion and William Humphrey, and in each instance, I personally served a copy of each document listed above upon Eric Miner, a Caucasian male, about 50 years old, 5'7", about 160 pounds with gray hair, at the place and time listed below,

ADDRESS: 2075 E. Maryland Ave.
CITY/STATE/ZIP: Phoenix, AZ 85016
DATE: November 5, 2020  TIME: 1:04 PM

I certify under penalty of perjury the foregoing is true and correct.  Executed on November 9, 2020.

Gary J. Viscum
MC 8532

CLERK OF THE
SUPERIOR COURT
RECEIVED CCB #1
DOCUMENT DEPOSITORY
2020 NOV -9 AM II: 18

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

DION HUMPHREY AND WILLIAM HUMPHREY
    VS.
CITY OF PHOENIX, et al

AFFIDAVIT OF SERVICE
CV2020-013278

The undersigned being authorized to serve certifies under penalty of perjury: on the 22nd day of October 2020, I received:

SUMMONS
COMPLAINT
DEMAND FOR JURY TRIAL
CERTIFICATE OF COMPULSARY ARBITRATION

from the Dow Law Office, for Dion and William Humphrey, and in each instance, I personally served a copy of each document listed above upon the City of Phoenix, by serving the Phoenix City Clerk, by serving Connie Haesloop, Special Deputy to the Clerk and stated authorized to accept, a Hispanic female, about 50 years old, 5'7", about 160 pounds with gray hair, at the place and time listed below,

ADDRESS: 200 W. Washington St.
CITY/STATE/ZIP: Phoenix, AZ 85003
DATE: October 27, 2020   TIME: 11:08 AM

I certify under penalty of perjury the foregoing is true and correct. Executed on November 9, 2020.

Gary J. Viscum
MC 8532

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

CLERK OF THE
SUPERIOR COURT
RECEIVED ME
DOCUMENT DEPOSITORY

2020 NOV 12 AM 9: 52

IN RE THE MATTER OF:

DION HUMPHREY AND WILLIAM HUMPHREY
   VS.
CITY OF PHOENIX, et al

AFFIDAVIT OF SERVICE
CV2020-013278

The undersigned being authorized to serve certifies under penalty of perjury: on
the 22nd day of October 2020, I received:

SUMMONS
COMPLAINT
DEMAND FOR JURY TRIAL
CERTIFICATE OF COMPULSARY ARBITRATION

from the Dow Law Office, for Dion and William Humphrey, and in each instance, I
personally served a copy of each document listed above upon Paul Flaven, a
Caucasian male, about 35 years old, 6'1", about 225 pounds with brown hair, at
the place and time listed below,

ADDRESS: 400 W. Southern Ave.
CITY/STATE/ZIP: Phoenix, AZ 85041
DATE: November 12, 2020  TIME: 5:46 AM

I certify under penalty of perjury the foregoing is true and correct.  Executed on
November 12, 2020.

Gary J. Viscum
MC 8532

CLERK OF THE
SUPERIOR COURT
RECEIVED ME
DOCUMENT DEPOSITORY
2020 NOV 12 AM 9:53

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

DION HUMPHREY AND WILLIAM HUMPHREY
   VS.
CITY OF PHOENIX, et al

AFFIDAVIT OF SERVICE
CV2020-013278

The undersigned being authorized to serve certifies under penalty of perjury: on the 22nd day of October 2020, I received:

SUMMONS
COMPLAINT
DEMAND FOR JURY TRIAL
CERTIFICATE OF COMPULSARY ARBITRATION

from the Dow Law Office, for Dion and William Humphrey, and in each instance, I personally served a copy of each document listed above upon Timothy Denny, a Caucasian male, about 35 years old, 5'8", about 170 pounds with brown hair, at the place and time listed below,

ADDRESS: 10001 S. 15th Ave.
CITY/STATE/ZIP: Phoenix, AZ 85041
DATE: November 10, 2020  TIME: 7:34 AM

I certify under penalty of perjury the foregoing is true and correct.  Executed on November 12, 2020.

Gary J. Viscum
MC 8532

CLERK OF THE
SUPERIOR COURT
RECEIVED NE
DOCUMENT DEPOSITORY
2020 NOV 12  AM 9: 53

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

DION HUMPHREY AND WILLIAM HUMPHREY
   VS.
CITY OF PHOENIX, et al

AFFIDAVIT OF SERVICE
CV2020-013278

The undersigned being authorized to serve certifies under penalty of perjury: on the 22nd day of October 2020, I received:

SUMMONS
COMPLAINT
DEMAND FOR JURY TRIAL
CERTIFICATE OF COMPULSARY ARBITRATION

from the Dow Law Office, for Dion and William Humphrey, and in each instance, I personally served a copy of each document listed above upon Brian Langeliers, a Caucasian male, about 35 years old, 6'0", about 180 pounds with brown hair, at the place and time listed below,

ADDRESS: 3443 S. Central Ave
CITY/STATE/ZIP: Phoenix, AZ 85040
DATE: November 9, 2020  TIME: 2:31 PM

I certify under penalty of perjury the foregoing is true and correct.  Executed on November 12, 2020.

Gary J. Viscum
MC 8532

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

IN RE THE MATTER OF:

DION HUMPHREY AND WILLIAM HUMPHREY
      VS.
CITY OF PHOENIX, et al

AFFIDAVIT OF SERVICE
CV2020-013278

The undersigned being authorized to serve certifies under penalty of perjury: on the 22nd day of October 2020, I received:

SUMMONS
COMPLAINT
DEMAND FOR JURY TRIAL
CERTIFICATE OF COMPULSARY ARBITRATION

from the Dow Law Office, for Dion and William Humphrey, and in each instance, I personally served a copy of each document listed above upon Raymond Meschnark IV, a Caucasian male, about 35 years old, 5'10", about 170 pounds with brown hair, at the place and time listed below,

ADDRESS: 3443 S. Central Ave
CITY/STATE/ZIP: Phoenix, AZ 85040
DATE: November 9, 2020  TIME: 2:31 PM

I certify under penalty of perjury the foregoing is true and correct.  Executed on November 12, 2020.

Gary J. Viscum
MC 8532

# EXHIBIT "2"

John T. Masterson, Bar #007447
Derek R. Graffious, Bar #033486
JONES, SKELTON & HOCHULI P.L.C.
40 N Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-7330
Fax: (602) 200-7846
jmasterson@jshfirm.com
dgraffious@jshfirm.com
minuteentries@jshfirm.com

Attorneys for Defendants City of Phoenix,
Audrey Santisi, George Fulton, Timothy
Denny, Andrew Barciz, Michelangelo
Caggiano, Eric Miner, Paul Flaven, Brian
Langeliers, and Raymond Meschnark IV

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| DION HUMPHREY and WILLIAM HUMPHREY, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHOENIX, a municipal entity; AUDREY SANTISI, an individual and acting under the color of law; GEORGE FULTON, an individual and acting under the color of law; T. DENNY, an individual and acting under the color of law; ANDREW BARCIZ, an individual and acting under the color of law; MICHELANGELO CAGGIANO, an individual and acting under the color of law; MINER, an individual and acting under the color of law; PAUL FLAVEN, an individual and acting under the color of law; BRIAN LANGELIERS, an individual and acting under the color of law; RAYMOND MESCHNARK IV, an individual and acting under the color of law; JOHN AND/OR JANE DOES I-X, individual(s) acting under the color of law; ABC CORPORATIONS I-X; and XYZ LLCs I-X, <br><br> Defendants. | NO. CV2020-013278 <br><br> **NOTICE OF FILING NOTICE OF REMOVAL IN UNITED STATES DISTRICT COURT** <br><br> (Assigned to the Honorable M. Scott McCoy) |

8955247.1

Defendants City of Phoenix, Audrey Santisi, George Fulton, Timothy Denny, Andrew Barciz, Michelangelo Caggiano, Eric Miner, Paul Flaven, Brian Langeliers, and Raymond Meschnark IV, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, notify this Court that they filed a Notice of Removal of this action from the Superior Court of the State of Arizona, in and for the County of Maricopa, to the United States District Court for the District of Arizona on December 4, 2020. A copy of the Notice of Removal (exclusive of exhibits) is attached hereto as **Exhibit 1**.

Pursuant to 28 U.S.C. § 1446(d), the filing of the notice effects the removal of this action to federal court "and the State court shall proceed no further unless and until the case is remanded."

DATED this 4th day of December, 2020.

JONES, SKELTON & HOCHULI P.L.C.


By _/s/ Derek R. Graffious_
    John T. Masterson
    Derek R. Graffious
    40 N Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendants City of Phoenix, Audrey Santisi, George Fulton, Timothy Denny, Andrew Barciz, Michelangelo Caggiano, Eric Miner, Paul Flaven, Brian Langeliers, and Raymond Meschnark IV

8955247.1

ORIGINAL of the foregoing electronically filed
this 4th day of December, 2020.

COPY of the foregoing mailed
this 4th day of December, 2020, to:

David W. Dow
Jennifer L. Ghidotti
DOW LAW OFFICE
3104 E. Camelback #281
Phoenix, AZ 85016
Ddowlaw1@gmail.com
Jlevine@ddowlaw.com
Attorneys for Plaintiffs

Benjamin Taylor
TAYLOR & GOMEZ, LLP
2600 North 44th Street, Suite B-101
Phoenix, AZ 85008
BT@taylorgomezlaw.com
Attorneys for Plaintiffs

_/s/ Cindy Castro_

8955247.1