David W. Dow (SBA #007377)
Jennifer L. Ghidotti (SBA #033071)
**DOW LAW OFFICE**
3104 E. Camelback #281
Phoenix, Arizona 85016
602-550-2951
Ddowlaw1@gmail.com
*Attorneys for Plaintiffs*

Benjamin Taylor (#023868)
**TAYLOR & GOMEZ, LLP**
2600 North 44th Street, Suite B-101
Phoenix AZ, 85008
BT@taylorgomezlaw.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Dion Humphrey and William Humphrey,** | **Case No. 2:20-cv-02350-PHX-SMB-CDB (lead)** |
| **Plaintiffs,** | Case No. 2:21-cv-00150-PHX-SMB-CDB |
| v. | Case No. 2:21-cv-00331-PHX-SMB-CDB |
| **City of Phoenix, et al.,** | **Plaintiffs' Amended Certification of Expert Testimony** |
| **Defendants.** | Assigned to the Honorable Camille Bibles |
| | Assigned to the Honorable Susan Brnovich |

As stated in Plaintiffs' First Amended Complaint against Defendants City of Phoenix and David Lopez (Doc. 45 ¶ 14), undersigned counsel certifies that pursuant to A.R.S. § 12-2602(a), the *Humphrey II* matter filed against Defendants David Lopez (Defendant Lopez) and City of Phoenix (Case No. 2:21-cv-00150), alleges claims against a licensed professional (David Lopez), and thus, expert opinion testimony will be necessary to prove a violation of David Lopez's standard of care and/or liability.  However, the only

1

claims that are subject to A.R.S. § 12-2603 are the state law negligence and gross negligence claims asserted against Defendant Lopez only.

First, Intentional Inflectional of Emotional Distress does not fall within the definition of a medical malpractice action. *See* A.R.S. § 12-561 (defining medical malpractice action as "an action for injury or death against a licensed health care provider based upon such provider's alleged negligence, misconduct, errors or omissions, or breach of contract in the rendering of health care, medical services, nursing services or other health-related services or for the rendering of such health care, medical services, nursing services or other health-related services, without express or implied consent including an action based upon the alleged negligence, misconduct, errors or omissions or breach of contract in collecting, processing or distributing whole human blood, blood components, plasma, blood fractions or blood derivatives.")

Second, A.R.S. § 12-2603 does not apply to Defendant City of Phoenix. *See Warner v. Sw. Desert Images, LLC, 218 Ariz. 121, 129, 180 P.3d 986, 994* (Ct. App. 2008) ("The definition of a "claim" under § 12-2601 does not include one based on vicarious liability.") With regard to Plaintiffs' independent negligence/gross negligence claims against Defendant City of Phoenix, A.R.S. § 12-2603 does not apply because upon information and belief, Defendant City of Phoenix is not a licensed healthcare provider since it does not have a license from the Arizona Department of Health Services. *See Sahf v. Lake Havasu City Ass'n for Retarded & Handicapped,* 150 Ariz. 50, 58, 721 P.2d 1177, 1185 (Ct. App. 1986) (finding Lake Havasu was not a licensed health care provider and holding "[w]hile A.R.S. § 12-561 does not explain "licensed," it is in accord with the overall statutory scheme that the "license" referred to is a license from DHS -- the department created for the sole purpose of controlling licensing standards for health care

institutions. This interpretation is consistent with the manner in which both DES and DHS have interpreted their respective roles.")

Finally, A.R.S. § 12-2603 does not apply to any federal claims against any Defendants. *See Stewart v. Cent. Ariz. Corr. Facility*, No. CV 09-0674-PHX-MHM (ECV), 2010 U.S. Dist. LEXIS 43975, at *6 (D. Ariz. May 3, 2010) (finding A.R.S. 12-2603 does not apply to federal claims.) *See also Rumbles v. Hill,* 182 F.3d 1064, 1067 (9th Cir. 1999) (finding state-imposed procedures limiting tort claims against a state or its agents are not applicable to federal civil rights claims.)

DATED this 21st day of July, 2021.

**DOW LAW OFFICE**

By:          **/s/ David Dow**
             David W. Dow
             3104E. Camelback Road, Suite 281
             Phoenix, AZ 85016
             Counsel for Plaintiffs

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 21, 2021, I electronically transmitted the attached

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing and a true correct copy of the foregoing was served via

electronic mail to the following CM/ECF registrants:


Kristina L. Morrison
40 N. Central Avenue, Suite 1800
Phoenix, AZ 85004
kristina.morrison@usdoj.gov

John T. Masterson
Derek R. Graffious
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix AZ, 85004
jmasterson@jshfirm.com
dgraffious@jshfirm.com


By: *<u>/s/ Lena Groen</u>*